UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 2:10-00209-02

ROBERT J. GOODALE

SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER

On July 26, 2021, the United States of America
appeared by Kristin F. Scott, Assistant United States Attorney,
and the defendant, Robert J. Goodale, appeared in person and by
his counsel, Andrew J. Katz, Esq., for a hearing on a petition
and amendment to petition seeking revocation of supervised
release, submitted by United States Probation Officer Douglas W.
Smith.  The defendant commenced a thirty-six (36) months term of
supervised release in this action on November 5, 2019, as more
fully set forth in the Judgment in a Criminal Case entered by
the court on September 30, 2011.

The court heard the admissions of the defendant and
the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:   (1) on April 16, 2021, the defendant pled guilty to committing the felony offense of failure to register as a sex offender in the Circuit Court of Kanawha County, West Virginia, and on May 6, 2021, the defendant pled guilty to committing the felony offense of failure to update the sex offender registry in the Circuit Court of Lincoln, County, West Virginia, in violation of his terms of supervised release to not commit another federal, state, or local crime; (2) on July 10, July 16 and July 22, 2020, the defendant submitted urine specimens that tested positive for marijuana, and on July 24, 2020, the defendant verbally admitted to the probation officer that he smoked one marijuana joint on July 4, 2020 (the court noting that marijuana can stay in a person's system for 30 days), and on July 28, August 7, August 13, and August 19, 2020, the defendant submitted urine specimens that tested positive for marijuana; (3) the defendant failed to submit written monthly reports for the months of January, February, March, April, May, June, July, August, and September, 2020; (4) on January 31, 2020, the defendant's conditions of supervised release were

2

modified to require the defendant to submit to an evaluation and treatment for sexual offenders, and on August 11, 2020, the defendant was referred to Dayspring Counseling for such evaluation but was disruptive and asked to leave, thereby not completing the evaluation or commencing any treatment as required; all as set forth in the petition and amendment to petition and all as admitted on the record of the hearing by the defendant, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583 (e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that

the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE (12) MONTHS, with credit for time served, and a TWO (2) YEAR term of supervised release upon the same terms and conditions as heretofore including the modified terms and conditions and the further conditions as follows.

(1)  The defendant shall reside at Dismas halfway house for the first six months of his term of supervised release and follow all of its rules and regulations.

(2)  The defendant shall not associate or have verbal, written, telephonic or electronic communications with any person under the age of eighteen (18) years except (a) in the presence of the parent or legal guardian of said minor and, on the condition that the defendant notifies the parent or legal guardian of the defendant's sex offender convictions, or (b) with written approval from the probation officer, which approval shall not be unreasonably withheld.  This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service personnel with whom the defendant must deal in order to obtain ordinary and usual commercial services.

(3)  The defendant shall not be employed in any

4

position or participate as a volunteer in any activity that
involves contact with any person under the age of eighteen (18)
years without written permission from the probation officer,
which approval shall not be unreasonably withheld.  The
defendant may not engage in an activity that involves being in a
position of trust or authority over any minor.

        (4)  The defendant must not possess or use a computer
or other device (as defined in 18 U.S.C § 1030(e)(1)) capable of
Internet access until a Computer Use Agreement is developed and
approved by the treatment provider and/or probation officer.
Such approval will not be unreasonably withheld.  Such
computers, computer hardware or software possessed solely by the
defendant is subject to searches and/or seizures by the
probation office.

        (5)  The defendant shall submit his or her person,
property, house, residence, vehicle, papers, or office to a
search conducted by a United State probation officer when there
is reasonable suspicion that the defendant has violated a
condition of supervision.  Prior to a search of the defendant's
property, house, residence, vehicle, papers or office under this
condition, the probation officer shall obtain ex parte approval

of the search by a Judicial Officer of this court who finds that reasonable suspicion for the search exists.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  September 28, 2021

John T. Copenhaver, Jr.
Senior United States District Judge

6