```
                 UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                               CRIMINAL ACTION NO. 2:10-00209-02

**ROBERT J. GOODALE**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On October 25, 2024, the United States of America appeared by Jonathan Tyler Storage, Assistant United States Attorney, and the defendant, Robert J. Goodale, appeared in person and by his counsel, J. Miles Morgan, for a hearing on a petition and amendment to petition seeking revocation of supervised release, submitted by United States Probation Officer Douglas W. Smith.  The defendant commenced a twenty-four (24) months term of supervised release in this action on October 10, 2021, as more fully set forth in the Supervised Release Revocation and Judgment Order Memorandum Opinion and Order, entered on September 28, 2021.

The court heard the admissions of the defendant and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) from on or about October 10, 2021, until April 13, 2022, the defendant violated the laws of the State of West Virginia, in that he failed to comply with the Sex Offender Registration law of § 15-12-2(d), by failing to register telephone or electronic paging device numbers that the defendant has or used, including residential, work, and mobile telephone numbers, as well as such instruments as the Samsung Galaxy Smart Phone, which provided Internet access, and the telephone number associated with it, being number 304-444-9564, (2) on May 2, 2022, the defendant provided a urine screen that tested positive for amphetamine and methamphetamine; (3) the defendant failed to provided monthly reports to the probation officer for the months of November and December 2021, and February, March, and April, 2022; (4) on October 21, 2021, the defendant was instructed by his probation officer to provide random urine screens twice per month, and the defendant failed to report for urine collections on each December 2, 2021, February 17, March 2, March 23, April 6, April 21, and May 9, 2022, for urine screens; (5) on

April 22, 2022, the defendant failed to make himself available, as directed by the probation officer, for a polygraph examination, in that he appeared for such a session but refused to cooperate to the extent that the attempt to conduct the polygraph examination was terminated without result; (6) from November 20, 2021, to February 20, 2022, the defendant had contact with and associated with the four-year old daughter of Heather Stepp, with whom the defendant was in a relationship, without notifying Ms. Stepp that he is a convicted sex offender, and without the written approval from the probation officer, all of which is in violation of supervised release condition numbered (2) in the above Order of September 28, 2021; (7) from November 2021 until March 2022, the defendant, without entering into a computer use agreement developed and approved by the probation officer, did, using the Samsung Galaxy Smart Phone through a Boost Mobile account, access the Internet and used Google Duo, and a Facebook account under the alias, Bo Mike, all of which is in violation of supervised release condition numbered (4) in the above Order of September 28, 2021; and (8) failed to register each the Google Duo account and the Bo Mike Facebook account in violation of the Sex Offender Registration laws of the State of West Virginia; all as admitted by the defendant except as to violations (1), (6), (7) and (8) set

forth above as to which the defendant admits the United States has sufficient evidence to prove violations (1), (6), (7) and (8) by a preponderance of the evidence; and all as set forth in the petition on supervised release, and amendment to petition, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583 (e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE (12) MONTHS, with credit for time served, and a ONE YEAR (1) YEAR term of supervised release upon the mandatory

terms and conditions, upon the terms and conditions as set forth in Administrative Office form 245B, attached hereto as Exhibit A, and on the terms and conditions set forth in this court's Local Rules of Criminal Procedure 32.3 attached hereto as Exhibit B, on the standard Conditions of Supervised Release in all Sex Offense Cases set forth in the court's Local Rules of Criminal Procedure 32.4 attached hereto as Exhibit C, and on the following special conditions:

     (1)  The defendant shall not associate or have verbal, written, telephonic or electronic communications with any person under the age of eighteen (18) years except (a) in the presence of the parent or legal guardian of said minor and, on the condition that the defendant notifies the parent or legal guardian of the defendant's sex offender convictions, or (b) with written approval from the probation officer, which approval shall not be unreasonably withheld.  This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service personnel with whom the defendant must deal in order to obtain ordinary and usual commercial services.

     (2)  The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with any person under the age of eighteen (18) years without written permission from the probation officer, which approval shall not be unreasonably withheld.  The defendant may not engage in an activity that involves being in a position of trust or authority over any minor.

     (3)  The defendant must not possess or use a computer or other device (as defined in 18 U.S.C § 1030(e)(1)) capable of Internet access until a Computer Use Agreement is developed and approved by the treatment provider and/or probation officer.  Such approval will not be unreasonably withheld.  Such computers, computer hardware or software possessed solely by the

defendant is subject to searches and/or seizures by the probation office.

(4) The defendant shall submit his or her person, property, house, residence, vehicle, papers, or office to a search conducted by a United State probation officer when there is reasonable suspicion that the defendant has violated a condition of supervision. Prior to a search, the probation officer shall obtain ex parte approval of the search by a Judicial Officer of this court who finds that reasonable suspicion for the search exists.

The court finds the sentence is sufficient but not greater than necessary to meet the goals of sentencing.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 7, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge

6